**WO**                                                                                        KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Carlos Rodriguez, ) | No. CV 08-2153-PHX-MHM (JRI) |
| )  | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Maricopa County Sheriff's Office, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jorge Carlos Rodriguez, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. By Order filed December 12, 2008, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend.

On December 19, 2008, Plaintiff filed a Motion for Appointment of Counsel (Doc. #7). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court has reviewed and evaluated the Complaint and finds this action presents no "exceptional circumstances" requiring the appointment of counsel at this time. Plaintiff is in no different a position than other *pro se* litigations who have brought nearly identical claims. Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. #7) will be denied without prejudice. Plaintiff should note that this Order does not change the 30-day deadline for filing an amended complaint that was set in the Court's December 12th Order.

**IT IS ORDERED** that Plaintiff's December 19, 2008 Motion for Appointment of Counsel (Doc. #7) is **denied without prejudice**.

DATED this 15th day of January, 2009.

_____
Mary H. Murgula
United States District Judge

- 2 -