**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Carlos Rodriguez,<br><br>  Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>  Defendants. | No. CV 08-2153-PHX-MHM (JRI)<br><br>**ORDER** |

Plaintiff Jose Carlos Rodriguez, who is confined in the Maricopa County Towers Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. By Order filed December 12, 2008, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On January 12, 2009, Plaintiff filed a First Amended Complaint. The Court will dismiss the Amended Complaint and this action.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the

1  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
2  before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
3  (*en banc*). Plaintiff's Amended Complaint will be dismissed without leave to amend because
4  the defects cannot be corrected.

## II.     Amended Complaint

Plaintiff names the following Defendants in the Amended Complaint: Maricopa County Sheriff Joseph M. Arpaio; Detention Officer Campbell A6893; Captain Karowski A901; L.P.N. Tammy Hall; Dr. K. Funchess; Doctor N. Van Schil; and L.P.N. Dee.

Plaintiff raises four grounds for relief in the Amended Complaint:

(1) Plaintiff was denied access to the courts when, because of Defendant Campbell's errors, Plaintiff was unable to appear telephonically at a family court hearing and Plaintiff's case was subsequently transferred to the child support enforcement division;

(2) Plaintiff's Eighth Amendment rights were violated when he did not receive his prescription medications during an emergency in the medical department, he was provided with a lower than prescribed dosage of his medication, and distribution of his medication was delayed;

(3) Plaintiff's Eighth Amendment rights were violated when Defendants failed to provide him with narcolepsy medication for 8 days; and

(4) Plaintiff's Eighth Amendment rights were violated when Defendant Funchess provided Plaintiff with Tylenol, even though Plaintiff has been diagnosed with hepatitis C and was informed by a specialist that he should not take Tylenol.

Plaintiff seeks money damages.

## III.    Failure to State a Claim

### A.     Access to Courts

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or

- 2 -

1 complaints to federal court and not a right to discover such claims or even to litigate them
2 effectively once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899
3 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil
4 rights complaint of a person in state custody will reach a court for consideration.") The right
5 "guarantees no particular methodology but rather, the conferral of a capability – the
6 capability of bringing contemplated challenges to sentences or conditions of confinement
7 before the courts." Lewis, 518 U.S. at 356.

8 As a matter of standing, for an access to courts claim, a plaintiff must show that he
9 suffered an "actual injury" with respect to contemplated litigation; the plaintiff must
10 demonstrate that the conduct of the defendants prevented him from bringing to court a
11 nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. That nonfrivolous
12 claim must be a direct or collateral attack on the inmate's sentence, or a challenge to the
13 conditions of his confinement. Id. at 355, 116 S. Ct. at 2182. "Impairment of any *other*
14 litigating capacity is simply one of the incidental (and perfectly constitutional) consequences
15 of conviction and incarceration." Id. (emphasis in original).

16 In Count I, Plaintiff alleges that, due to Defendant Campbell's actions, he was
17 prevented from appearing telephonically at a hearing in family court. This is not a challenge
18 to Plaintiff's sentence or to his conditions of confinement. Accordingly, Plaintiff has failed
19 to state an access-to-courts claim and the Court will dismiss Count I.

20 **B.     Medical Claims–Counts II through IV**

21 To maintain a claim under the Eighth Amendment based on prison medical treatment,
22 a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble,
23 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both
24 know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825,
25 837 (1994). The official must both be aware of facts from which the inference could be
26 drawn that a substantial risk of serious harm exists and he must also draw the inference. Id.
27 This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

28

1  "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051,
2  1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a
3  purposeful act or failure to respond to a prisoner's pain or possible medical need and
4  (2) harm caused by the indifference. <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)
5  (citing <u>Estelle</u>, 429 U.S. at 104). The harm need not be substantial. <u>Id.</u> (citing <u>Estelle</u>, 429
6  U.S. at 104).

7  Medical malpractice or negligence is insufficient to establish a violation. <u>Toguchi</u>,
8  391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not
9  violate the Eighth Amendment. <u>Toguchi</u>, 391 F.3d at 1057. Also, an inadvertent failure to
10 provide adequate medical care alone does not rise to the Eighth Amendment level. <u>Jett</u>, 429
11 F.3d at 1096. A difference in medical opinion also does not amount to deliberate
12 indifference. <u>Toguchi</u>, 391 F.3d at 1058. To prevail on a claim involving choices between
13 alternative courses of treatment, a prisoner must show that the chosen course was medically
14 unacceptable under the circumstances and was chosen in conscious disregard of an excessive
15 risk to the prisoner's health. <u>Id.</u>

16 In Count II, Plaintiff claims that Defendant Hall told Plaintiff that due to a medical
17 emergency, medication distribution would be limited to life-sustaining medications. Plaintiff
18 claims that he was denied his blood pressure, sleep apnea, and narcolepsy medications.
19 Plaintiff further alleges that "medical" does not distribute his narcolepsy medication at the
20 proper time, keeps him on lower dosage of medication than prescribed by the neurologist,
21 and that distribution of his medications has been delayed on several occasions. Plaintiff
22 claims that he suffered from an inability to stay alert during his trial and had trouble
23 communicating with his family and his attorney.

24 Plaintiff has not alleged facts sufficient to state a claim against Defendant Hall.
25 Plaintiff has not alleged that Defendant Hall was responsible for the change in distribution
26 of medication nor has he alleged that she was deliberately indifferent to Plaintiff's serious
27 medical needs. Further, Plaintiff has failed to link his remaining allegations in Count II to
28 a named Defendant. Finally, Plaintiff has not alleged a specific, physical injury that resulted

from the delay in receiving his medication or from the lower dosage of medication that he receives on a regular basis. The Court will dismiss Count II for failure to state a claim.

In Count III, Plaintiff claims that "medical services" was deliberately indifferent when Plaintiff was allowed to go eight days without receiving his narcolepsy medication. Plaintiff claims that Defendant Funchess was responsible for ordering Plaintiff's medication. Plaintiff's facts suggest, at most, that Defendant Funchess was negligent in failing to re-order Plaintiff's prescription medications; Plaintiff has not demonstrated that Defendant Funchess was deliberately indifferent to Plaintiff's serious medical needs. The Court will therefore dismiss Count III for failure to state a claim.

In Count IV, Plaintiff alleges that although he has been diagnosed with hepatitis C and has been told not to take Tylenol, Defendant Funchess prescribed Tylenol for him. Plaintiff has again failed to allege facts sufficient to demonstrate that Defendant Funchess was deliberately indifferent to Plaintiff serious medical needs. First, Plaintiff has failed to describe what ailment or injury the Tylenol was prescribed for and the Court is therefore unable to determine whether a serious risk to Plaintiff's health was at issue. Further, Plaintiff has failed to allege a specific injury resulting from Defendant Funchess's actions and it is unclear that Plaintiff even took the Tylenol. Count IV will be dismissed for failure to state a claim.

**IV.     Dismissal without Leave to Amend**

Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. The Court has reviewed the Amended Complaint and finds that further amendment of Plaintiff's claims would be futile. The Court will therefore dismiss the Amended Complaint without leave to amend.

**V.     Motion for Temporary Restraining Order and Preliminary Injunction**

On January 12, 2009, Plaintiff filed a Motion for "Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction" (Doc. #9) requesting that the Court issue a restraining order with respect to the transport of inmates for court hearings and various conditions of confinement. Because the Court will dismiss the Amended Complaint and this action, the Court will deny the Motion as moot.

**IT IS ORDERED:**

(1)     The Amended Complaint (Doc. #8) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

(3)     Plaintiff's January 23, 2009 Motion for Temporary Restraining Order (Doc. #9) is **denied as moot**.

DATED this 2nd day of March, 2009.

*[Signature]*
Mary H. Murgula
United States District Judge